HENDRICKS v. WEBSTER et al.

(Circuit Court of Appeals, Eighth Circuit. February 17, 1908.)

No. 2,657.

1. BANKRUPTCY—APPEAL—PETITION FOR REVIEW—DISMISSAL.

Where on appeal from, and on petition for review of, a judgment determining priorities of liens upon land, the Circuit Court of Appeals is asked to consider evidence in the record, it will dismiss the petition for review, and hear the case upon the appeal.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. EVIDENCE—PAROL TESTIMONY AFFECTING MORTGAGE—ADMISSIBILITY.

In a proceeding to determine priority of rights under a mortgage to secure a specific loan, and stipulating that, on default, the mortgage might be foreclosed for the full amount, together with interest, etc., any other sums advanced, or expenses incurred on the mortgagors' account for whatsoever purpose, and that any advances so made should draw interest and be liens under the mortgage, oral testimony tending to show the intention of the parties as to what the mortgage should secure was incompetent, since the agreement was unambiguous, and since the execution of a written contract, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument. The language of a contract, when clear and explicit, must govern its interpretation, and when a contract is reduced to writing the intention of the parties must be ascertained from the writing alone, if possible.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1748, 2129.]

3. CONTRACTS—CONSTRUCTION—SCOPE.

However broad may be the terms of a contract, it extends only to those things concerning which it appears the parties intended to contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 730.]

4. MORTGAGES—CONSTRUCTION—SCOPE OF SECURITY.

A mortgage covering a homestead to secure a specific loan, and stipulating that, on default, the mortgage might be foreclosed for the full amount,

together with interest, etc., any other sums advanced or expenses incurred on the mortgagor's account for whatsoever purpose, and that any advances so made should draw interest and be liens under the mortgage, does not secure the payment of future advances, excepting those made to protect the security of the mortgage and expenses necessarily resulting from foreclosure.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 230–232.]

Appeal from the District Court of the United States for the Northern District of Iowa.

B. N. Hendricks (W. L. Converse and D. L. Grannis, on the brief), for appellant.

John McCook, for C. F. Webster.

Joseph Griffin and W. L. Barker, for Chris. Hansen.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

CARLAND, District Judge. In a proceeding had in the court below for the purpose of determining the priority of certain liens upon land belonging to the estate of Chris. Hansen, a bankrupt, the District Court on May 22, 1907, ordered, adjudged, and decreed:

"That the mortgage made by the bankrupt and his wife to James Hendricks January 31, 1898, on the S. ½ of the S. W. ¼ of section No. 22, township No. 99 N., range No. 14 W., does not by its terms secure any loans that may have been made by the mortgagee to the bankrupt, since the making of said mortgage; that said mortgage secured only the note of $1,500 therein described, the interest thereon and such sums as Mr. Hendricks may have paid as taxes upon said land, for insurance, to keep buildings in good state of preservation, or to otherwise preserve and protect said mortgage lien, and any costs, or expenses of foreclosure."

James Hendricks appealed from said decree to this court, and also filed an original petition asking for a review of the same. As we are asked to consider evidence in the record, we dismiss the petition for review, and will hear the case upon the appeal. The clause in the mortgage referred to in the decree appealed from which it is claimed by Hendricks created a lien for future advances is as follows:

"It is further agreed that if the party of the first part shall fail to pay any installment of interest within thirty days, after due, or permit said lands to be sold for taxes to any person, or fail to perform any of the covenants in the note or in this instrument, or do, or fail to do, anything whereby the security of this loan of money may be lessened, then the whole amount of the debt hereby secured shall become due and collectible at once, at the option of the holder without notice, and this mortgage or trust deed may be foreclosed for the full amount, together with interest, costs, taxes, insurance, reasonable attorney's fee for plaintiff's attorney, to be assessed by the court, and any other sums advanced or expenses incurred on account of the party of the first part for whatsoever purpose paid, and any advances so made shall draw interest at 7 per cent. per annum, and be liens under this mortgage."

Prior to the hearing in the District Court evidence was taken in the proceeding by a referee. Before the referee B. N. Hendricks, son of James Hendricks, who negotiated the loan and made out the mortgage, and his partner, C. C. Arnold, were permitted to testify that Chris. Hansen and Alice Hansen, his wife, at the time of the execution and delivery of the mortgage, made declarations tending to show that

the mortgagors understood the mortgage as providing for future advances, B. N. Hendricks testified that he so understood it. Chris. Hansen and Alice Hansen both denied that they ever so understood the mortgage, or that they had ever made declarations to that effect.

It was conceded that the west half of the land described in the mortgage was the homestead of the Hansens. The District Court, therefore, did not pass upon the above testimony for the reason that an oral agreement could not under section 2974, Code Iowa 1897, create a lien upon the homestead; and, as the amount due on the mortgage would, regardless of future advances, exhaust the east half of the land, it became immaterial as to whether an oral agreement was made or not. We think this view involves a misconception of the object of the evidence. The evidence was not introduced to prove an independent oral agreement that the mortgage should cover future advances, if such an agreement could be made, but to prove that it was the intention of the parties that the mortgage in question should cover future advances made for other purposes than the protection of the mortgage lien, and thus enable the court in carrying out such intention to construe the mortgage as creating a lien for advances made for such purposes.

We are of the opinion, however, that the evidence introduced for the purpose of showing the intention of the parties as to what the mortgage should secure was clearly incompetent, for the reason that the parties had reduced their contract to writing, and in unambiguous terms expressed their intention therein. The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument. The language of a contract, when clear and explicit, must govern its interpretation, and, when a contract is reduced to writing, the intention of the parties must be ascertained from the writing alone, if possible. These are elementary principles, and their wisdom is well illustrated in the present case, wherein the parties to the contract testify in direct opposition as to their intention in executing the mortgage.

The intention of the parties to the mortgage must be ascertained from the mortgage alone, and we agree with the trial court that it does not by its terms secure the payment of future advances, except those made to protect the security of the mortgage. However broad may be the terms of a contract, it extends only to those things concerning which it appears the parties intended to contract. The transaction involved in the mortgage between Hendricks and the Hansens was the loan of $1,500 by Hendricks to the Hansens, payable in 10 years with interest at 7 per cent. per annum. The object of the mortgage was to secure the payment of the same, and the mortgage ought to be construed with these two incidents in view—the loan and the security for its payment. When viewed in this light, we think the natural and reasonable view which presents itself when an unprejudiced mind considers the words, "and any other sums advanced or expenses incurred on account of the party of the first part for whatsoever purpose paid," when taken in connection with the place where they are found, is that no other advances were intended to be made or secured than

159 F.—59

those which should be necessary in order to protect the security and such expenses as would necessarily result from a foreclosure.

The cases cited by counsel wherein other contracts have been construed have been considered. None of them are parallel cases, and we are left to construe the contract here presented, aided by fundamental principles which we believe have guided us to a correct result. The portion of the decree below appealed from should be affirmed; and it is so ordered.